DONAHUE & HORROW, LLP
MICHAEL B. HORROW, Bar No. 162917
mhorrow@donahuehorrow.com
ANNE MCWILLIAMS, Bar No. 129264
amcwilliams@donahuehorrow.com
1960 East Grand Avenue, Suite 1215
El Segundo, California 90245
Telephone: (310) 322-0300
Facsimile: (310) 322-0302

Attorneys for Plaintiff
MARIA DE LOS ANGELES ALVARADO

SEDGWICK LLP
BRUCE D. CELEBREZZE, Bar No. 102181
bruce.celebrezze@sedgwicklaw.com
MICHELLE Y. MAGSAYSAY, Bar No. 215294
michelle.magsaysay@sedgwicklaw.com
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

Attorneys for Defendant
HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY

FILED
CLERK, U.S. DISTRICT COURT
JUL 12 2011
CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| MARIA DE LOS ANGELES ALVARADO,<br><br>Plaintiff,<br><br>v.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>Defendant. | Case No.: CV 11-00176-RGK (Ex)<br><br>**CONFIDENTIALITY STIPULATION AND STIPULATION FOR PROTECTIVE ORDER, AND [PROPOSED] ORDER** |

IT IS HEREBY STIPULATED AND AGREED by and between plaintiff Maria De Los Angeles Alvarado ("plaintiff") and defendant Hartford Life and

Accident Insurance Company ("Hartford") as follows:

1. This Confidentiality Stipulation ("Stipulation") arises out of plaintiff's discovery propounded in this action and is intended to protect any and all documents and other information disclosed or produced by Hartford, or otherwise made available by Hartford, in this action to the extent that such documents and/or information constitute, contain, or reflect confidential, private, proprietary, and/or trade secret information, and regardless of whether such documents and information are produced voluntarily or pursuant to court order.

Hartford also agrees that it will exercise due diligence in redacting Plaintiff's social security number and any medical identification contact information (such as medical account numbers) before filing any such document in this case. If Plaintiff's social security number and any medical identification contact information is disclosed in a court document, then Hartford agrees to take all reasonable steps to have the information redacted from the record.

2. Plaintiff agrees that Hartford may designate certain information and documents disclosed, produced, or otherwise made available in this action as "Confidential" under the terms of this Stipulation. The documents and information that may be so designated are those that concern, constitute, or relate to Hartford's business practices, employees, or other private and confidential subject matters, including but not limited to underwriting, sales, claims handling and analysis regarding disputed coverage issues, the disclosure of which can reasonably be expected to have the effect of causing harm to the competitive position of Hartford and/or to presently and/or formerly related entities and individuals, as well as documents or information which concern confidential employment and personnel records, compensation, or otherwise implicate privacy rights of third parties such as Hartford personnel and/or claimants.

3. As to any and all such documents or information, Hartford may designate such materials as Confidential Information by placing on, or affixing to,

each document, including written discovery responses, the word "Confidential." To designate Confidential Information consisting of multi-page documents bound together by staples or other binding, only the first page need be stamped or marked "Confidential," provided, however, that if a multi-page document contains both asserted Confidential Information, as well as nonconfidential information, then the designating party shall indicate plainly on the document itself or in a cover memorandum those portions that constitute or contain the Confidential Information. All documents and information designated as "Confidential" enjoy such protection whether the designation is placed on or affixed to the document, or alternatively, and particularly in the case of electronically maintained or produced Confidential Information, identified by other written means (such as a pleading or letter) as "Confidential."

4. By designating a document, thing, or other information as "Confidential" under the terms of this Stipulation, the party so designating shall be deemed to thereby certify to the Court and all other parties that there is a good faith basis for the designation.

5. Testimony taken informally or before the Court may be designated as "Confidential" by means of a statement to that effect on the record at the proceeding, and the party making such designation shall instruct the court reporter taking and transcribing such proceeding to separately bind all portions of the transcript containing information that has been designated as "Confidential," and to label such portions appropriately.

6. Confidential Information, as well as all copies thereof and all notes, summaries, digests, memoranda, exhibits or other documents which include or describe any Confidential Information, shall be retained only by litigation counsel for plaintiff and shall not be disclosed to any person except as provided herein. Persons to whom access to Confidential Information is given pursuant to this Stipulation shall keep such information and any copies, abstracts, digests or

1  summaries and descriptions thereof secure in accordance with the purpose and
2  intent of this Stipulation.
3      7.    Counsel for plaintiff shall be governed by the following restrictions in
4  his or her use of the Confidential Information produced, and as to the information
5  reflected therein or derived therefrom:
6      A.    Such Confidential Information may not be disclosed except as
7  is necessary for the purpose of, and solely in connection with, litigating this case.
8  For that purpose only, counsel for plaintiff may disclose such information to the
9  Court and its employees, court reporters, independent expert witnesses or potential
10 expert witnesses retained by counsel for plaintiff, percipient witnesses, and such
11 other persons as may be agreed upon by the parties in the future (said agreement to
12 be in writing signed by counsel for all parties), subject to all of the terms of this
13 Stipulation.
14     B.    Before disclosure of Confidential Information to any person as
15 permitted by the preceding paragraph (other than the Court and its employees),
16 such person shall read a copy of this Stipulation and sign an Agreement to Respect
17 Confidential Information in the form attached hereto as Appendix "A" (the
18 "Agreement"). Counsel for plaintiff shall maintain a copy of all Agreements
19 signed by such persons and shall furnish copies to counsel for Hartford promptly
20 upon request, except as to retained experts prior to the time for disclosure. No
21 Confidential Information shall be disclosed to any person who refuses or fails to
22 first sign the Agreement. In the event any person who has signed the Agreement
23 thereafter fails or refuses to comply therewith, counsel for plaintiff shall make no
24 further disclosure to such person, and shall immediately notify counsel for
25 Hartford in writing of the nature and date(s) of the breach of the Agreement.
26     8.    Confidential Information may be copied and summaries, digests, or
27 abstracts may be made, but all such copies, digests, abstracts and summaries shall
28 be Confidential Information, and shall be subject to the provisions of this

1  Stipulation.

2      9.    Nothing in this Stipulation shall prevent the use by counsel for
3  plaintiff of Confidential Information at depositions, subject to the provisions of this
4  Stipulation. At any deposition or portion thereof in which Confidential
5  Information will be disclosed, the deponent shall read and sign the Agreement if he
6  or she has not already done so, and a copy of the Agreement bearing the witness'
7  signature shall be made an exhibit to the deposition. If the witness previously
8  signed the Agreement, a copy of the prior signed Agreement shall be made an
9  exhibit to the deposition. All transcribed testimony relating to the Confidential
10 Information shall be marked "Confidential" by the court reporter, provided,
11 however, that if a transcript includes both testimony and/or exhibit designated as
12 "Confidential," and also nonconfidential testimony or exhibits, only the
13 confidential portion thereof shall be so designated. All parties shall have thirty
14 (30) days from the date on which the deposition is transcribed and provided to
15 counsel in which to make any additional designations upon review of the
16 transcript, which thereafter shall be marked and protected in the same manner
17 described above, by the court reporter. If transcript passages that have been
18 designated as "Confidential" are thereafter used for any purpose, including other
19 depositions and/or Court proceedings or filings, such materials shall be subject to
20 the same provisions herein that control the use or disclosure of Confidential
21 Information.

22     10.    All portions of the pleadings, motions, briefs, memoranda or other
23 documents filed with the Court purporting to reproduce, summarize or paraphrase
24 Confidential Information shall be filed in sealed envelopes or other appropriate
25 sealed containers on which shall be endorsed the title of this action, an indication
26 of the nature of the contents of such sealed envelope or other container, the words
27 "Confidential Information," and a statement substantially in the following form:
28                                  **CONFIDENTIAL**

**This envelope contains information which has been designated as Confidential and is not to be opened and its contents are not to be disclosed to any person other than the Court or its Clerks except by Order of the Court, or upon the stipulation of the parties.**

11.  In the event that a recipient of Confidential Information produced in connection with this action receives any subpoena or other legal process or request that purports to require or compel the production of Confidential Information, that recipient shall immediately notify counsel for Hartford, in writing, so as to afford Hartford sufficient opportunity to contest that subpoena, legal process or request, and shall not disclose any Confidential Information unless directed that this Stipulation and the Order entered thereon do not preclude so doing.

12.  Within sixty (60) days of the entry of an Order finally terminating this action, including all appeals, counsel for plaintiff, as well as any person receiving Confidential Information, shall assemble and provide to counsel for Hartford all materials, documents, summaries, digests and abstracts containing or reflecting any Confidential Information and all copies thereof, provided, however, that counsel for plaintiff may retain any documents and copies thereof which are work product, said materials to remain subject to this Stipulation in perpetuity.  Counsel for Plaintiff is required to obtain all such materials as have been provided to any third person pursuant to the Agreement, and shall return all such documents to counsel for Hartford.  As to any items retained by counsel for plaintiff, a complete list of same must be provided to counsel for Hartford with the sixty (60) days of the entry of any order or judgment finally terminating this action.  Counsel for plaintiff and any other person who has received Confidential Information shall additionally certify to counsel for Hartford, in writing, that he, she or it has also destroy and erased any and all electronic copies of Confidential Information in his, her, or its possession or control.

13.  Counsel for plaintiff acknowledge that they may be subject to sanctions, attorney's fees and costs for breach of this Confidentiality Agreement.

1  Nothing in this Stipulation, however, limits Hartford's right to pursue other legal
2  or equitable remedies available to it in the event of a breach of this Stipulation and
3  Order.
4      IT IS SO STIPULATED.
5  DATED: July 8, 2011    DONAHUE & HORROW, LLP

7      By: *s/ Michael B. Horrow*
8          MICHAEL B. HORROW
        ANNE McWILLIAMS
        Attorneys for Plaintiff
9          MARIA DE LOS ANGELES

10  DATED: July 11, 2011    SEDGWICK LLP

12      By: *s/ Michelle Y. Magsaysay*
13          BRUCE D. CELEBREZZE
        MICHELLE Y. MAGSAYSAY
14          Attorneys for Defendant
        HARTFORD LIFE AND ACCIDENT
15          INSURANCE COMPANY

## ORDER

Upon the stipulation of the parties set forth above, and good cause appearing, **IT IS SO ORDERED.**

DATED: 7/12/11

HONORABLE ~~R. GARY KLAUSNER~~
~~UNITED STATES DISTRICT JUDGE~~
*Charles F. Eick*
*United States Magistrate Judge*

# APPENDIX "A"

## AGREEMENT TO RESPECT CONFIDENTIAL INFORMATION

I have read and understand the Confidentiality Stipulation in the case of *Maria De Los Angeles Alvarado v. Hartford Life and Accident Insurance Co., et al*, United States District Court, Central District of California, Case No CV 11-00176-RGK (Ex), a copy of which Stipulation has been delivered to me to keep with my copy of this Agreement. I agree to be bound by all the terms of the Confidentiality Stipulation and hereby agree not to use or disclose the Confidential Information to be disclosed to me except for purposes of this litigation as set forth in and consistent with the limitations contained in the Confidentiality Stipulation. I further agree and attest to my understanding that breach of this Agreement is directly actionable by the party which designated the Confidential Information which is disclosed, and that in the event I fail to abide by the terms of the Stipulation, I may be subject to sanctions.

_____
Signature

_____
Date

_____
Name (Printed)

_____
Street Address

_____
City   State   Zip

_____
Occupation or Business